FILED
United States Court of Appeals
Tenth Circuit

August 23, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES CASTANEDA,

Defendant - Appellant.

Nos. 12-1088 and 12-1089

(D. Colorado)

(D.C. Nos. 1:10-CV-02533-WYD
and 1:07-CR-00185-WYD-4)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

A jury found Petitioner Charles Castaneda guilty of committing two drug-trafficking offenses and using the telephone to facilitate those offenses. Castaneda's convictions were affirmed by this court. *United States v. Castaneda*, 368 F. App'x 859, 860 (10th Cir. Feb. 25, 2010). Castaneda then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, raising ineffective assistance of counsel claims. He asserted both trial and appellate counsel were ineffective for failing to challenge an alleged lack of documentation supporting the issuance of a federal wiretap. He also argued counsel was ineffective for failing to challenge the constitutionality of the Controlled Substances Act as violative of the Commerce Clause. The district court denied

both claims on the merits, concluding Castaneda did not meet his burden of showing counsel failed to pursue an issue that had any merit and, thus, he could not show deficient performance on the part of either his trial or appellate counsel. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984); *see also Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (holding a court may address *Strickland*'s performance and prejudice prongs "in any order, but need not address both if [movant] fails to make a sufficient showing of one"). Accordingly, the district court denied Castaneda's § 2255 motion.

After his motion was denied by the district court, Castaneda filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Respondent filed an opposition to the motion, arguing, *inter alia*, that it was actually a second or successive § 2255 motion for which Castaneda needed preauthorization from this court. *See Gonzales v. Crosby*, 545 U.S. 524, 534 (2005) ("[A] Rule 60(b) motion that seeks to revisit the federal court's denial *of the merits* of a claim for relief should be treated as a successive habeas petition."); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization."); *see also Kirby v. Attorney General*, No. 11-2082, 2011 WL 4346849, at *4 (10th Cir. Sept. 19, 2011) (unpublished order denying certificate of appealability to petitioner seeking to appeal district court's characterization of his Rule 59(e) motion as a second or successive habeas

petition). The district court agreed and exercised its discretion to dismiss the motion for lack of jurisdiction, concluding it was not in the interest of justice to transfer the request to this court. *See In re Cline*, 531 F.3d at 1251 (holding a district court may transfer an unauthorized successive habeas petition to this court if it is in the interest of justice to do so or, alternatively, may dismiss it for lack of jurisdiction). On December 12, 2011, Castaneda filed a motion seeking sanctions against Respondent, arguing the document Respondent filed in opposition to his ostensible Rule 59(e) motion violated Fed. R. Civ. P. 11. The district court considered Castaneda's assertions but denied his motion.

Castaneda seeks to appeal all these adverse rulings. He cannot, however, proceed on appeal unless he first obtains a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal a "final order in a proceeding under section 2255" unless he first obtains a COA). To be entitled to a COA, Castaneda must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Castaneda has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework"

-3-

applicable to each of his claims. *Id.* at 338. Although Castaneda need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Castaneda's appellate briefs, the district court's orders, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Castaneda is not entitled to a COA on any of his claims. No jurist of reason could debate whether the district court correctly concluded the ineffective assistance claims raised in Castaneda's § 2255 motion were meritless. Neither is it debatable that Castaneda's Rule 59(e) motion is actually a successive § 2255 motion and it was not in the interest of justice to transfer the petition to this court. Finally, the correctness of the district court's denial of Castaneda's motion seeking sanctions against Respondent is also not debatable. Accordingly, we **deny** Castaneda's requests for certificates of appealability and **dismiss** these appeals. Respondent's motion for an order requiring Castaneda to obtain a COA in Appeal No. 12-1089 is **denied** as moot.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-4-